Budnitzky et al. *v.* American Stores Co., **Appellant.**

Argued March 4, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Richard B. Sheridan,* and with him *Reynolds and Reynolds,* for appellant.

*Jno. H. Collins,* of *Collins & Collins,* for appellees.

Opinion by Keller, J., April 10, 1929:

This appeal is from the refusal of the court below to enter judgment in favor of the defendant non obstante veredicto. In considering the case we must resolve all disputed questions of fact in favor of the plaintiffs and draw all inferences from the evidence

favorable to them. Doing this the facts in the case may be briefly stated as follows.

On the morning of August 13, 1925, plaintiffs' driver was driving their one-ton truck, loaded with tomatoes, on the state highway leading from Wilkes-Barre to Bloomsburg. When he passed the Poor Farm he saw two large five-ton trucks belonging to defendant parked on the concrete roadway about a half-mile ahead, facing the same direction in which he was going. They were standing still on the right hand side of the paved road, and he saw nobody on or about them. The paved road at that point is eighteen feet wide, with a steep embankment on the left and a hill on the right. He was traveling about twenty miles an hour, but as he approached the trucks he slackened his speed to fifteen miles, and when about thirty feet away blew his horn. Suddenly, without any warning, the rear truck pulled out into the road immediately in front of plaintiffs' driver, and to avoid a collision with it, the latter veered to the right, hitting the bank and being deflected against the rear of defendant's front truck, with consequent injury to plaintiffs' truck and load of tomatoes.

Defendant's driver admitted that he had driven the truck out into the road, in order to get around and ahead of his companion truck, without looking to see whether any vehicle was approaching from the rear. His excuse was that the cab of the truck was so constructed that he could not look around unless he got on the running-board. But that was not a valid excuse for cutting into the road ahead of plaintiffs' near approaching truck.

If he had no mirror or other device which enabled him to see the road to the rear he was operating the truck in violation of the provisions of the Motor Vehicle Act of 1919, P. L. 678, Sec. 21. His car was parked closely behind defendant's other truck and could not move directly ahead, but had to be driven

out nearly across the roadway in order to get around the truck in front. He was bound to see that approaching traffic was not endangered by his movement before he attempted it and his failure to do so was negligence. Putting out his hand, even if it be believed that he did so, did not give him the right to cut into the road regardless of approaching vehicles.

On the other hand plaintiffs' driver cannot be held to have been guilty of contributory negligence as matter of law. Defendant's trucks were not in motion but parked, and had been standing still while plaintiffs' truck traveled at least half a mile. It may be doubted whether section 22 of the Motor Vehicle Act of 1919, supra, (as amended by the Act of June 14, 1923, P. L. 718), which requires the operator of a motor vehicle to give reasonable warning of his approach before passing "any vehicle he may *overtake,*" applies to one passing a parked vehicle, but the evidence here warranted a finding that plaintiffs' driver reduced his speed and gave such warning before he came to defendant's trucks.

The negligence of defendant's driver and the contributory negligence of plaintiffs' driver were questions for the jury and could not be decided by the court as matter of law.

The judgment is affirmed.